# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2819 | **DATE** | 8/21/2001 |
| **CASE TITLE** | Joseph A. Zurwaski vs. Larry Massanri | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. It is hereby ordered that Plaintiff's Petition for Attorney Fees under the EAJA is Granted in the amount of $17,465.80 (#37-1, 37-2). *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 2 2001 date docketed | 41 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | 8/21/01 date mailed notice | |
| | Copy to judge/magistrate judge. | 01 AUG 21 AM 11: 01 | | |
| JT/pecy courtroom deputy's initials | | Date/time received in central Clerk's Office | JT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Joseph A. Zurawski, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 99 C 2819 |
| v. | ) | |
| | ) | Magistrate Judge |
| Larry Massanari,[1] Acting | ) | Arlander Keys |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| Defendant. | ) | |

**DOCKETED**

**AUG 2 2 2001**

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Joseph A. Zurawski, requests that this Court award him $17,465.80 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (West 2000). Because the Court finds that the Commissioner's position in this action was not substantially justified, and for the reasons set forth below, the Court grants Plaintiff's Motion.

## BACKGROUND

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on October 13, 1995, alleging that he became disabled on December 5, 1993. (R. at 33-39.) Plaintiff alleged disability due to lower back pain,

---

[1] Larry Massanari, Acting Commissioner of Social Security, is substituted as defendant pursuant to Fed. R. Civ. P. 25(d)(1).

neck pain, loss of strength in his legs, arm and shoulder pain, and depression. (R. at 41.) Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested and received a hearing before Administrative Law Judge ("ALJ") Christine Holtz, who found that Plaintiff was not disabled and could perform a full range of light work. (R. at 15-22.)

On March 5, 1999, the Appeals Council denied Plaintiff's Request for Review, which became the Commissioner's final decision. (R. at 5.) Plaintiff subsequently filed a Complaint for judicial review in the Northern District of Illinois. On March 29, 2000, this Court ruled in favor of the Commissioner, finding that substantial evidence in the record supported the ALJ's decision denying Plaintiff disability benefits. *Zurawski v. Apfel*, No. 99 C 2819, 2000 WL 656640 (N.D. Ill. Mar. 29, 2000).

Plaintiff appealed, arguing that the ALJ: 1) erroneously found Plaintiff's complaints of pain to be incredible; 2) ignored medical evidence favorable to Plaintiff in determining Plaintiff's residual functional capacity ("RFC"); 3) failed to give any weight to the opinion of Plaintiff's treating physician; and 4) improperly relied upon the Medical Vocational Guidelines

2

(the "grids") in assessing Plaintiff's capacity to adjust to work.

In reversing this Court's opinion upholding the Commissioner's determination, the Seventh Circuit Court of Appeals held that the ALJ failed to properly evaluate Plaintiff's complaints of pain and the medical evidence supporting Plaintiff's claims. Zurawski v. Halter, 245 F.3d 881, 887-88 (7th Cir. 2001). Further, the Appellate Court instructed the ALJ to expressly consider certain medical evidence, and to reconsider her reliance upon the grids. Id. at 888-89.

Plaintiff submitted an EAJA fee application in the amount of $17,465.80 for the work performed by his attorney, Barry Schultz and his associate, who represented Plaintiff before the Seventh Circuit Court of Appeals. The EAJA application also seeks fees for time spent preparing the fee application. The Commissioner has challenged Plaintiff's entitlement to fees, arguing that, because its position at the administrative and judicial levels was "substantially justified," Plaintiff is not entitled to fees. The Commissioner has not challenged the reasonableness of the fee request.

## DISCUSSION

**A. Standards**

The EAJA requires the Court to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States . . ., unless the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (West 2000)(emphasis added). The parties do not contest the applicability of Section 2412(d)(1)(A) to this case, or that Plaintiff is the prevailing party for purposes of the EAJA. The sole question before the Court is whether the Commissioner's position, both during litigation and the administrative proceedings, was substantially justified, despite the Seventh Circuit's remand.

Under the substantial justification standard, the Commissioner has the burden of showing that its position was grounded in "1) a reasonable basis in truth for the facts alleged; 2) a reasonable basis in law for the theory propounded; and 3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark*, 200 F.3d 1076, 1080 (7th Cir. 2000); *Gotches v. Heckler*, 773 F.2d 108, 110

4

(7th Cir. 1985) (explaining that the test is one of reasonableness).

Although the burden of demonstrating substantial justification lies with the Commissioner, there is no presumption that a prevailing party is entitled to fees. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The Court must look to both the Commissioner's "litigating position as well as its prelitigation conduct-- the action or inaction that gave rise to the litigation. . . . EAJA fees may be awarded if either . . . [is] not substantially justified." *Id.* at 1036. Finally, the Court will make a "global assessment" of the Commissioner's decision in continuing to push forward at each stage, and not separately scrutinize each step in the process. *Hallmark Constr. Co.*, 200 F.3d at 1081.

B. Analysis

1. The Commissioner's Prior Success

The Court acknowledges that, having previously ruled in favor of the Commissioner and then having been reversed, it is in a rather awkward position. *See, Spaulding v. Massanari*, No. 99 C 7197, 2001 WL 826876, at *1 (N.D. Ill. July 23, 2001) (having to decide the reasonableness of the Commissioner's case, after being

5

reversed by the Seventh Circuit, puts the court in an "anomalous" position). The Court, however, finds itself in good company and with abundant precedent to guide its analysis. *See, e.g., Id.; Smith v. Apfel*, N. 99 C 1139, 2001 WL 199505, at *1 (Feb. 28, 2001); *Hubbard-Davis v. Apfel*, No. 95 C 5556, 1998 WL 417595, at *1 (N.D. Ill. July 20, 1998).

Caselaw instructs that a string of successes by the Commissioner does not constitute substantial justification. *Smith*, 2001 WL 199505, at *3. "Obviously, the fact that one other court agreed . . . with the Government does not establish whether its position was substantially justified." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Rather, the Commissioner's prior success is just one factor to be considered in the substantial justification analysis. *See, e.g., United States v. Paisley*, 957 F.2d 1161, 1167 (4th Cir. 1992)(stating that, while the lower court and dissenting opinions were relevant, the ultimate resolution and its rationale were the most relevant indicators of reasonableness).

2. **The Commissioner Was Not Substantially Justified**

The touchstone for the Court's analysis is the Seventh Circuit's evaluation of the ALJ's ruling, and not this Court's previous review of the merits. *Spaulding*, 2001 WL 826876, at *1

6

("We think it best to focus upon the Court of Appeals evaluation of the government's case" in conducting the substantial justification analysis); *Smith*, 2001 WL 199505, at *2-3. In the instant case, the Seventh Circuit did not conclude that the ALJ's decision was contradicted by the record, but found that the ALJ failed to build the necessary bridge between the evidence in the record and her decision to deny Plaintiff benefits.

First, the Seventh Circuit took the ALJ to task for stating, in a conclusory manner, that Plaintiff's daily activities contradicted his subjective complaints of pain. The lack of explanation was critical, in the Seventh Circuit's opinion, because Plaintiff's daily activities were not the type that necessarily contradict a claim of disabling pain. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) ("minimal daily activities . . do not establish that a person is capable of engaging in substantial physical activity."); *Gibson-Jones v. Apfel*, 995 F. Supp. 825 (N.D. Ill. 1998) (plaintiff's ability to attend classes and care for her children did not contradict disability claim). Absent specific reasons supporting the ALJ's credibility finding, the Seventh Circuit found that the ALJ failed to "'build an accurate and logical bridge from the

evidence to [her] conclusion.'" *Zurawski*, 245 F.3d at 887 (*quoting Clifford*, 227 F.3d at 872).

Next, the Seventh Circuit found lacking the ALJ's conclusion that the objective medical evidence contradicted Plaintiff's complaints of pain. The Appellate Court noted that the ALJ discussed only the medical evidence supporting her conclusion, and ignored an entire line of objective medical evidence that lent credence to Plaintiff's claims. As such, the Appellate Court was unable to determine whether the ALJ "examined the full range of medical evidence as it relates to [Plaintiff's] claim." *Zurawski*, 245 F.3d at 888. Therefore, the Seventh Circuit held that the ALJ's decision fell below the mark and remanded for a reevaluation of Plaintiff's complaints of pain.[2]

In accord with the Seventh Circuit's analysis, this Court finds that the Commissioner's position was not substantially justified. The Court acknowledges that the Seventh Circuit noted that the evidence in the record could support the ALJ's decision. However, the Seventh Circuit found that the ALJ failed to satisfy

---

[2] The Court also instructed the ALJ to expressly consider and analyze the medical evidence favoring Plaintiff and to revisit her decision to rely upon the grids in reaching the disability determination.

8

Social Security Ruling 96-7p[3], which requires the ALJ's credibility determination to be supported by specific reasons and evidence in the record. "Where the [Commissioner's] defense of the ALJ's denial of benefits is contrary to the plain language of a Social Security Ruling, the [Commissioner's] position cannot be defined as substantially justified." *Dunn v. Shalala*, No. 92 C 4090, 1995 WL 23116, at *5 (N.D. Ill. Jan. 19, 1995); *Gibson-Jones*, 995 F. Supp. at 827 (where the ALJ failed to articulate reasons for discrediting claimant's complaints of pain, the Commissioner's position was not substantially justified).

The Seventh Circuit further found that the ALJ apparently ignored medical evidence favoring Plaintiff in assessing Plaintiff's credibility and in determining Plaintiff's RFC, rendering the ALJ's conclusion inadequate. The Commissioner's position is not substantially justified where an ALJ fails to build a logical bridge between the evidence and her conclusion. *Hubbard-Davis*, 1998 WL 417595, at * 2-3. Because the ALJ failed to explain why the medical evidence she relied upon negated the medical evidence supporting Plaintiff's position, the ALJ's

---

[3] Published SSRs are binding on all components of the SSA, including ALJ's. *Warmouth v. Bowen*, 798 F.2d 1109, 1111 n.5 (7th Cir. 1986).

9

ruling is not reasonable and the Commissioner's subsequent litigation position is not substantially justified. *Griffin v. Apfel*, No. 96 C 5627, 1997 WL 766886, at * 2-3 (N.D. Ill. Dec. 3, 1997). Therefore, the Commissioner has not met its burden of demonstrating that Plaintiff's fee application should be denied.

### 3. Policy Considerations Support Plaintiff's Application

Public policy considerations further support the Court's decision to award Plaintiff her fees under the EAJA. In enacting the EAJA, Congress concluded that the potential threat of paying attorneys' fees might encourage the Government to conduct thorough investigations and to pursue litigation in a professional manner. *Hallmark Const. Co.*, 200 F.3d at 1080. In addition, the possibility of recovering fees and court costs would encourage private parties to pursue review of meritorious claims. *Id.*; *Smith*, 2001 WL 199505, at *4. Because it is unlikely that Plaintiff would have been able to pursue his appeal absent the availability of EAJA fees, the award of EAJA fees is fully consistent with the EAJA's public policy.

## CONCLUSION

For the reasons set forth above, the Court finds that the Commissioner's position was not substantially justified within the meaning of the EAJA. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Petition for Attorney Fees Under the EAJA be, and the same hereby is, granted in the amount of $17,465.80.

Dated: August 21, 2001

Enter:

_____
Arlander Keys
United States Magistrate Judge